Dear Senator Aronberg:
You have requested my opinion on substantially the following questions:
 1. Does section 553.791(4), Florida Statutes, provide options regarding the timing for a fee owner or the fee owner's contractor to notify a local building official of the owner's decision to use a private provider of building code inspection services?
 2. Does section 553.791(4), Florida Statutes, establish criteria for choosing a private provider of building code inspection services?
You ask for an interpretation of section 553.791(4), Florida Statutes, which provides that a fee owner or fee owner's contractor who chooses to use a private provider for inspection services under the statute shall notify the local building official at the time of permit application or no less than seven business days prior to the first scheduled inspection by the local building official or building code enforcement agency. Specifically you ask whether the statute creates two options for the homeowner or his contractor to notify the building official of the decision to use a private provider. You have also asked whether the statute establishes criteria for choosing a private provider for these services. Your questions will be addressed together.
Section 553.791(4), Florida Statutes, provides:
 "A fee owner or the fee owner's contractor using a private provider to provide building code inspection services shall notify the local building official at the time of permit application, or no less than 7 business days prior to the first scheduled inspection by the local building official or building code enforcement agency for a private provider performing required inspections of construction under this section, on a form to be adopted by the commission. This notice shall include the following information:
 (a) The services to be performed by the private provider.
 (b) The name, firm, address, telephone number, and facsimile number of each private provider who is performing or will perform such services, his or her professional license or certification number, qualification statements or resumes, and, if required by the local building official, a certificate of insurance demonstrating that professional liability insurance coverage is in place for the private provider's firm, the private provider, and any duly authorized representative in the amounts required by this section.
 (c) An acknowledgment from the fee owner in substantially the following form:
 I have elected to use one or more private providers to provide building code plans review and/or inspection services on the building or structure that is the subject of the enclosed permit application, as authorized by s. 553.791, Florida Statutes. I understand that the local building official may not review the plans submitted or perform the required building inspections to determine compliance with the applicable codes, except to the extent specified in said law. Instead, plans review and/or required building inspections will be performed by licensed or certified personnel identified in the application. The law requires minimum insurance requirements for such personnel, but I understand that I may require more insurance to protect my interests. By executing this form, I acknowledge that I have made inquiry regarding the competence of the licensed or certified personnel and the level of their insurance and am satisfied that my interests are adequately protected. I agree to indemnify, defend, and hold harmless the local government, the local building official, and their building code enforcement personnel from any and all claims arising from my use of these licensed or certified personnel to perform building code inspection services with respect to the building or structure that is the subject of the enclosed permit application.
If the fee owner or the fee owner's contractor makes any changes to the listed private providers or the services to be provided by those private providers, the fee owner or the fee owner's contractor shall, within 1 business day after any change, update the notice to reflect such changes. In addition, the fee owner or the fee owner's contractor shall post at the project site, prior to the commencement of construction and updated within 1 business day after any change, on a form to be adopted by the commission, the name, firm, address, telephone number, and facsimile number of each private provider who is performing or will perform building code inspection services, the type of service being performed, and similar information for the primary contact of the private provider on the project." (e.s.)
"Building code inspection services" is defined to mean "those services described in s. 468.603(6) and (7) involving the review of building plans to determine compliance with applicable codes and those inspections required by law of each phase of construction for which permitting by a local enforcement agency is required to determine compliance with applicable codes."
Section 17 of Chapter 2002-293, Laws of Florida, created section553.791, Florida Statutes, to establish a procedure by which the public could choose to hire an engineer or architect to perform plans review and building inspection services for structures for which building permits are required. In response to concerns relating to the use of private providers, the Florida Building Commission established a workgroup in 2004 to evaluate this activity and make recommendations to the Legislature. The workgroup focused its efforts on the following issues: (1) clarification of insurance requirements for private providers; (2) clarification of requirements for building departments' audit of private provider inspections; (3) flexibility for owners to select private provider inspections after permits are issued; (4) preemption of local requirements for private providers; and (5) authorization of licensed building code administrators to be private providers. The recommendations of the workgroup were included in the commission's 2005 report to the Legislature.[1]
Section 553.791, Florida Statutes, was amended in 2005 in response to the recommendations of the workgroup. Amendments made by CS/HB 567 and currently reflected in the text of section553.791(4), Florida Statutes, deleted a provision allowing a local building official to require a fee owner wishing to use a private provider to use such provider for both plans review and inspection services. The amended legislation authorizes the fee owner of a building to use a private provider to offer both plans review and required building inspections or to use the local enforcement agency for one or both of these purposes. The bill provides additional conditions and notification requirements governing the use of private providers. Prior to these amendments, the owner or contractor of a building or structure was required to notify the local building department about the use of a private provider at the time of application for a building permit. The 2005 amendment allowed the notification of the use of a private provider to take place for up to seven business days prior to the first scheduled inspection of the project.[2]
Section 553.791(1)(g), Florida Statutes, provides a definition for the term "private provider" that reflects the statutory qualifications required of these individuals:
 "`Private provider' means a person licensed as an engineer under chapter471 or as an architect under chapter 481. For purposes of performing inspections under this section for additions and alterations that are limited to 1,000 square feet or less to residential buildings, the term `private provider' also includes a person who holds a standard certificate under part XII of chapter 468."
The statute states that no local government or local enforcement agency can adopt or enforce any rules, procedures, qualifications or standards more stringent than those prescribed by the statute.[3] However, local governments may, at their option, establish a registration system to ensure that private providers comply with applicable statutory licensure and insurance requirements.[4] The statute eliminates the requirement that the private provider maintain comprehensive general liability insurance with minimum policy limits of one million dollars per occurrence. It continues to require private providers to maintain professional liability insurance, ties coverage limits to the value of the buildings the provider is working on, and conforms claims-made coverage requirements to the insurance currently available in the marketplace. The statute specifies that the fee owner may require additional insurance or higher policy limits.[5] Section 553.791(16), Florida Statutes, as amended by chapter 2005-216, Laws of Florida, also establishes grounds for disciplinary action for violating or failing to comply with a rule or order of the Florida Building Commission.
In sum, it is my opinion that section 553.791(4), Florida Statutes, allows a fee owner or his or her contractor, when using a private provider to provide building construction inspections, to notify the local building officer of the use of a private provider either at the time of permit application, or no less than seven business days prior to the first scheduled inspection. The choice of options may depend on which services are privately provided: plan review or building construction inspection or both.
Further, section 553.791(1)(g), Florida Statutes, mandates professional licensure as either an architect or an engineer for private providers operating under this statute. Inspections performed on residential additions and alterations of 1,000 square feet or less require a standard certificate under part XII, Chapter 468.[6] Building construction licensure and insurance requirements are established by section 553.791(4), Florida Statutes, and cannot be exceeded by local governments, but the statute does authorize local governments, at their discretion, to establish a registration system in addition to the licensure and insurance requirements specified in section553.791(4).
Sincerely,
Charlie Crist Attorney General
CC/gh
[1] See House of Representatives Staff Analysis on CS/HB 567, dated April 1, 2005 (enacted as Ch. 05-216, Laws of Fla.).
[2] Id.
[3] Section 553.791(14)(a), Fla. Stat.
[4] Section 553.791(14)(b), Fla. Stat.
[5] Section 553.791(15), Fla. Stat.
[6] Part XII, Chapter 468, Florida Statutes, relates to building code administrators and inspectors.